IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| NICKOLAS VAN NESS HOPE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:08-CV-111 (WLS) |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 BEFORE THE U.S. MAGISTRATE JUDGE |
| BRUCE SHIVERS; SANDRA FISHER; MITCHELL COUNTY CORRECTIONAL INSTITUTION; MITCHELL COUNTY COMMISSION, | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **NICKOLAS VAN NESS HOPE**, an inmate Mitchell County Correctional Institution in Camilla, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

### *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff claims that on June 9, 2008 Sandra Fisher was scanning mail. According to plaintiff, she opened and read a letter to him from the Superior Court Sentence Review Panel. Plaintiff alleges that the letter should not have been opened because it is "legal mail." Plaintiff names Bruce Shivers as a defendant because he is Ms. Fisher's "boss who allowed her to handle mail without her being certified to handle inmate mail." Plaintiff also names the Mitchell County Commission because it "employs both defendants and has allowed this act to go unpunished."

To the extent that plaintiff is attempting to hold Bruce Shivers responsible for the actions of his employee, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. ***H.C. by Hewett***, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990),

*cert. denied*, 500 U.S. 933 (1991).

Plaintiff does not allege that Bruce Shivers was personally involved in his alleged constitutional deprivation. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendant responsible for the plaintiff's alleged constitutional deprivation.

Therefore, the Undersigned **RECOMMENDS** that Bruce Shivers be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

Plaintiff has also named the Mitchell County Correctional Institute as a defendant. However, this is not a legal entity that is subject to suit under § 1983. ***Dean v. Barber***, 951 F.2d 1210 (11th Cir. 1992).

Therefore, the Undersigned **RECOMMENDS** that the Mitchell County Correctional Institute be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

Finally, plaintiff has named the Mitchell County Commission as a defendant. Plaintiff's claims against the Commission are construed as claims against Mitchell County. To establish municipal liability, plaintiff is required to show that Mitchell County has a policy or custom of violating the constitutional rights of individuals and that the policy or custom is the moving force behind the constitutional violation he alleges. ***Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***Church v. City of Huntsville***, 30 F.3d 1332, 1343 (11th Cir. 1994). He must also show a

direct causal link between the alleged policy and the constitutional deprivations. *City of Canton, Ohio v. Harris*, 489 U.S. 387 (1989). Plaintiff has not made such a showing. Moreover, he has not alleged that any of the Mitchell County Board of Commissioners had actual knowledge that Ms. Fisher opened and/or read his legal mail.

Therefore, the Undersigned **RECOMMENDS** that the Mitchell County Commission be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

**SO RECOMMENDED**, this 7th day of August, 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb