IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| NICKOLAS VAN NESS HOPE, | : | |
| Plaintiff, | : | |
| VS. | : | Civil Action File No. |
| | : | **1:08-CV-111 (WLS)** |
| SANDRA FISHER, | : | |
| Defendant. | : | |

### **RECOMMENDATION**

Currently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendant's motion for summary judgment or in the alternative motion to dismiss for failure to exhaust administrative remedies (Doc. 21).[1] The undersigned notified plaintiff of the filing of the motion, and advised plaintiff of the importance of responding thereto. (Doc. 22). However, plaintiff has failed to file any response to the motion.

Plaintiff filed the instant action on or about July 28, 2008, alleging that defendant Fisher, an official at Mitchell County Correctional Institute, opened his privileged legal mail in violation of plaintiff's constitutional rights.

Defendant contends that this suit should be dismissed because plaintiff failed to exhaust administrative remedies prior to filing this lawsuit.

42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under

---

[1] Plaintiff originally sought to name other defendants in this action; however, the undersigned filed a recommendation dated August 8, 2008 (doc. 8) to dismiss the claims against all other defendants that remains pending before the district judge to whom this case is assigned. Consequently, defendant Fisher is the only person who has been served as a defendant in this action.

any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Plaintiff filed an informal and formal grievance. However, plaintiff admitted that he did not appeal the denial of his formal grievance. (Plaint. Depo doc. 20, pp.40-45). The grievance procedure in effect at the Mitchell County Correctional Institute during plaintiff's incarceration consisted of three steps: the filing of an informal grievance; the filing of a formal grievance; an appeal to the Department of Corrections. (Depo. of Plaintiff, doc. 20, pp. 28-29; Affidavit of Fisher, doc. 21, ¶ 5.). Plaintiff did file both an informal grievance and a formal grievance, but he then dismissed his grievance, and never pursued the third step of an appeal. (Depo. of Plaintiff, doc. 20, pp. 40-41; Affidavit of Fisher, doc. 21, ¶¶ 4-5.)

Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this. Given these circumstances, the undersigned believes that dismissal is mandated for failure to exhaust administrative remedies.

The court must follow the dictates of circuit law. This circuit, in interpreting the PLRA, has determined that exhaustion is now a pre-condition to suit, and the courts can no longer simply waive those requirements where it is determined the remedies are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998); Harper v. Jenkin, supra.

Accordingly, it is the RECOMMENDATION of the undersigned that defendant's motion for

summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 20th day of May, 2009.

                                        //S Richard L. Hodge
                                        RICHARD L. HODGE
                                        UNITED STATES MAGISTRATE JUDGE

msd